## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HYUN YUL KIM,

          *Plaintiff,*

   v.

ANDY LEE LIQUOR, INC., et al.,

          *Defendants*.

Civil Action No. 1:20-cv-3283 (CJN)

### MEMORANDUM OPINION

Before the Court is Plaintiff's Motion for Default Judgment as to Defendants Andy Lee Liquor, Inc., Eun Sun Kim,[1] and John Kang, ECF No. 36, and Defendant Kim's Motion to Vacate Default, ECF No. 41. For the following reasons, both motions will be **DENIED**.

## I.      Background

According to the operative complaint, Defendants employed Plaintiff at a liquor store in Washington, D.C. from 2018 to 2020. *See* ECF No. 17 ("Compl.") ¶¶ 1, 5–7, 14, 35. Plaintiff alleges that Defendants paid him less than the minimum wage and did not pay him overtime when he worked more than 40 hours per week. *Id.* ¶ 25. He therefore brings a claim for overtime violations under the Fair Labor Standards Act ("FLSA") and a claim for overtime and minimum wage violations under the District of Columbia Wage Payment and Collection Law and the District of Columbia Minimum Wage Act (the "D.C. Wage Laws"). *Id.* ¶¶ 43–58.

---

[1] Plaintiff names this Defendant as "Eun JUNG, also known as Eun Sun Kim," ECF No. 17 at 1 (emphasis omitted), but the Court will refer to her as "Defendant Kim" because she has indicated that "Eun Sun Kim" is her real name, *see* ECF No. 41 at 7.

Plaintiff served the complaint on Andy Lee Liquor and Defendant Kim on September 28, 2021, and on Kang on October 7, 2021. ECF Nos. 22–24. They did not respond. Accordingly, on September 30, 2022, Plaintiff moved for entry of default. ECF No. 30. These Defendants again did not respond, so the Clerk entered default. ECF Nos. 34–35. Plaintiff later moved for this Court to enter a default judgment. ECF No. 36. Then, on December 19, 2022, Defendant Kim finally responded, both by filing a motion to vacate her default and by opposing Plaintiff's motion. ECF No. 41. Andy Lee Liquor and Kang, however, have still failed to respond or enter an appearance in this litigation.

## II.    Legal Standard

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). "In exercising its discretion under Rule 55(c), a district court is supposed to consider whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Khochinsky v. Republic of Poland*, 1 F.4th 1, 7 (D.C. Cir. 2021) (quotation omitted), *cert. denied*, 142 S. Ct. 771 (2022). Because "[t]here is an interest favoring the resolution of genuine disputes on their merits, . . . all doubts are resolved in favor of the party seeking relief." *Id*. (quotation omitted).

Whether to enter default judgment is committed to the Court's discretion. *Sanchez v. Devashish Hosp., LLC*, 322 F.R.D. 32, 36 (D.D.C. 2017). A default judgment is only appropriate when the absent defendant is "essentially unresponsive." *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980) (quotation omitted). But even then, "entry of default judgment . . . is not automatic." *Bozzuto Contractors, Inc. v. Evans*, No. 19-cv-3292, 2021 WL 1564437, at *2 (D.D.C. Apr. 21, 2021) (quotation omitted). The Court must be sure that it has subject matter jurisdiction over the case and personal jurisdiction over the absent defendant. *Mwani v. bin Laden*, 417 F.3d

1, 6 (D.C. Cir. 2005); *Bozzuto*, 2021 WL 1564437, at *2.  It must make sure that the plaintiff's "complaint states a claim for relief."  *N'Jai v. U.S. Dep't of Educ.*, No. 19-CV-02712, 2022 WL 4078948, at *2 (D.D.C. Sept. 6, 2022).  And it must "make an independent evaluation of the sum to be awarded unless the damages are certain."  *Bricklayers & Trowel Trades Int'l Pension Fund v. NY Big Apple Constr. Corp.*, No. 19-cv-3552, 2020 WL 6683061, at *2 (D.D.C. Nov. 12, 2020) (quotation omitted).

## III.   Analysis

### A.  Motion to Vacate Default

The Court first addresses Defendant Kim's Motion to Vacate Default, ECF No. 41, and declines to vacate her default because she has not shown "good cause," Fed. R. Civ. P. 55(c).  The Court evaluates whether she has shown good cause using the three-factor framework in *Khochinsky v. Republic of Poland*, 1 F.4th 1 (D.C. Cir. 2021).

The first factor supports denying the motion because the Court finds that Defendant Kim's default was "willful."  *Khochinsky*, 1 F.4th at 7 (quotation omitted).  Defendant Kim was personally served with Plaintiff's complaint and a summons warning her that "[a] lawsuit has been filed against you" and that she needed to respond within 21 days.  ECF No. 23 at 1–2.  Yet she failed to respond for over a year.  ECF No. 23 at 2 (service on September 28, 2021); ECF No. 41-1 ("Answer") (filed on December 19, 2022).  These facts suggest that Defendant Kim was aware of the suit against her but consciously decided not to respond.  Indeed, she even appears to suggest in her motion that she did not respond because she thought the suit was meritless.  *See* ECF No. 41 at 8.  But even if that is true, Defendant Kim had an obligation to litigate the suit—one that she appears to have willfully disregarded.

Defendant Kim's counterarguments do not alter this conclusion.  She first claims (without explanation) that she acted in a "reasonably timely manner after becoming aware of the default." ECF No. 41 at 9.  Even if true, that argument does not address the right issue, which is whether she acted willfully prior to the entry of default.  *See Khochinsky*, 1 F.4th at 7; *Jackson*, 636 F.2d at 836.  Next, Defendant Kim appears to imply that she was not aware she had been sued because notice of Plaintiff's Motion for Entry of Default was addressed to "Eun Jung," not "Eun Sun Kim." *See* ECF No. 41 at 7–8.  But again, this cannot excuse her failure to respond to the complaint— which referenced her proper name and was accompanied by a summons referencing her proper name—before the entry of default.  *See* Compl. at 1 (naming "Eun JUNG, also known as Eun Sun Kim," as a defendant (emphasis omitted)); ECF No. 23 at 1–2 (summons addressed to "Eun JUNG (aka Eun Sun Kim)").

On the other hand, the second factor supports granting the motion because the Court finds that vacating the default would not significantly "prejudice [the] plaintiff."  *Khochinsky*, 1 F.4th at 7 (quotation omitted).  Plaintiff claims that vacating the default will prejudice him because he "will face a substantial challenge in participating in the litigation from South Korea," ECF No. 43 at 12, where he apparently now lives.  But Plaintiff's attorney is based in the United States, Plaintiff can participate in some litigation activities virtually, and Plaintiff waited a year after serving Defendant Kim before moving for entry of default.  *See* ECF No. 23 at 2 (service of complaint on September 28, 2021); ECF No. 30 (Motion for Entry of Default filed on September 30, 2022). That suggests he bears at least partial responsibility for any prejudice and "counsels setting aside the default."  *Luna v. Rambo*, 273 F.R.D. 346, 349 (D.D.C. 2011).

Finally, the third factor counsels against vacating Defendant Kim's default because the Court finds that she has not put forward a meritorious defense.  *Khochinsky*, 1 F.4th at 7.  The bar

for this factor is low:  It is enough for Defendant Kim's assertions to contain "even a hint of a suggestion which, proven at trial, would constitute a complete defense." *Id.* (quotation omitted). Even so, she fails to clear it.

Start with Defendant Kim's jurisdictional argument.  She contests jurisdiction, although she does not specify whether she believes the Court lacks subject matter jurisdiction, personal jurisdiction, or both.  Answer at 1.  Regardless, this contention is meritless.  The Court has subject matter jurisdiction over Plaintiff's FLSA claim under 28 U.S.C. §1331 because it "aris[es] under the . . . laws . . . of the United States."  The Court also has supplemental jurisdiction over Plaintiff's D.C. Wage Laws claim under 28 U.S.C. § 1367 because it shares a "common nucleus of operative fact" with the FLSA claim.  *Taylor v. District of Columbia*, 626 F. Supp. 2d 25, 28 (D.D.C. 2009) (quotation omitted).  Finally, the Court has personal jurisdiction over Defendant Kim because she admits to purposefully availing herself of this forum in connection with this suit.  Her verified answer acknowledges that she participated in managing and operating liquor stores, Plaintiff performed "some work" at one of them, and that she had a role in managing Plaintiff.  *See* Answer at 3–4; *see also* Compl. ¶¶ 9, 14, 17.

Her merits arguments are no more meritorious.  Defendant Kim's motion asserts in passing that she "never interacted with Plaintiff in a managerial or supervisory capacity."  ECF No. 41 at 1–2.  Even if this could show the existence of a meritorious defense, Defendant Kim contradicts these statements in her verified answer, as noted above.  *See* Answer at 3–4; *see also* Compl. ¶¶ 9, 14, 17.  Defendant Kim also insists that she is not an owner of Andy Lee Liquor.  Answer at 2–3; Compl. ¶¶ 1, 6, 8.  But an ownership in the business that employs the plaintiff is not necessary for a defendant to qualify as an "employer" under the FLSA and D.C. Wage Laws.  *See* 29 U.S.C. § 203(d) (defining "employer" as "any person acting directly or indirectly in the interest of an

employer in relation to an employee"); D.C. Code § 32-1002(3) (similar definition for employer under the D.C. Minimum Wage Act); *see also Serrano v. Chicken-Out, Inc.*, 209 F. Supp. 3d 179, 189 ("Determinations of employer or employee status under the FLSA apply equally under the District of Columbia wage laws." (quotation omitted and alteration adopted)).

Defendant Kim also quotes at length from Plaintiff's responses to discovery served by Peter Jung, the only Defendant who timely appeared in this litigation. *See* ECF No. 41 at 2–7. Plaintiff's answers acknowledge that he has no documentary evidence to corroborate some of his claims, especially as to Peter Jung. *Id*. The absence of only one type of evidence in Plaintiff's possession, however, does not say much about whether Defendant Kim has a meritorious defense, and she does not offer any other allegations of her own that (if true) might show she has one.[2]

\* \* \* \* \*

Weighing these factors, the Court determines that Defendant Kim's willfulness and lack of a meritorious defense warrant denying her motion. Although Plaintiff has not shown prejudice, the absence of prejudice does not entitle a defendant to vacatur of a default. *Cap. Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389, 394 (D.D.C. 2005). Because the first and third factors firmly counsel against vacating Defendant Kim's default, the Court will deny her motion.

### B. Motion for Default Judgment

The Court next addresses Plaintiff's Motion for Default Judgment. ECF No. 36. Andy Lee Liquor and Kang "ha[ve] not responded to the summons, complaint, entry of default, or motion for default judgment"—the textbook situation in which a defendant is "essentially unresponsive." *Reyes v. Kimuell*, 270 F. Supp. 3d 30, 33–34 (D.D.C. 2017) (quotation omitted). Defendant Kim,

---

[2] Defendant Kim also asserts several specific defenses (such as laches) in passing, Answer at 5, but fails to provide any support for them. As a result, she has failed to show that there is even a "hint" that these defenses could be meritorious. *Khochinsky*, 1 F.4th at 7 (quotation omitted).

however, is no longer "essentially unresponsive."  She is now participating in this litigation by moving to set aside her default and opposing Plaintiff's motion for default judgment.  ECF No. 41. Accordingly, a default judgment against her is no longer appropriate given the legal system's preference for the resolution of disputes on the merits.  *Jackson*, 636 F.2d at 836.  Defendant Kim will have to face the consequences of her default—she is "deem[ed] to [have] admit[ted] every well-pleaded allegation in the complaint," *Bozzuto*, 2021 WL 1564437, at *3 (quotation omitted)—but the Court will deny Plaintiff's motion as to her at this time.

As for Andy Lee Liquor and Kang, the Court must undertake three additional inquiries. First is jurisdiction.  *Mwani*, 417 F.3d at 6; *Bozzuto*, 2021 WL 1564437, at *2.  The Court finds that it has subject matter jurisdiction over the claims against these Defendants for the same reasons that it has subject matter jurisdiction over Defendant Kim.  Accepting Plaintiff's well-pleaded allegations as true, the Court also has personal jurisdiction over these Defendants.  The Court has general personal jurisdiction over Andy Lee Liquor because it is incorporated in the District of Columbia, *see* Compl. ¶ 5, and specific personal jurisdiction over Kang because he managed the District of Columbia liquor store where Plaintiff worked during the events at issue here, Compl. ¶¶ 5, 7.

Next, the Court must make sure that the complaint states a claim.  *N'Jai*, 2022 WL 4078948, at *2.  It does.  Plaintiff has adequately alleged that Andy Lee Liquor and Kang were employers and that he was an employee under the FLSA and D.C. Wage Laws.  *Portillo v. Smith Commons DC, LLC*, No. 20-cv-49, 2022 WL 3354730, at *4 (D.D.C. Aug. 13, 2022).  Courts analyze those two issues by examining such factors as the defendant's power to control and discipline the plaintiff.  *Zaldaña v. Morrogh*, No. 20-cv-3810, 2022 WL 203471, at *4 (D.D.C. Jan. 24, 2022) (providing frameworks for FLSA); *see also Serrano*, 209 F. Supp. 3d at 189

("[D]eterminations of employer or employee status under the FLSA apply equally under the District of Columbia wage laws." (quotation omitted)).   Here, Plaintiff alleges that these Defendants managed and supervised him, assigned him work, told him where and when to work, and had the authority to discipline him.  Compl. ¶¶ 17–18.  Further, in connection with his status as an employee, Plaintiff also alleges that working for Defendants did not require special skill, that he did not bring his own tools and equipment to work, and that he did not set his own hours.  Compl. ¶¶ 19–22; *see also Zaldaña*, 2022 WL 203471, at *4 (noting that these factors are relevant to employee status).

Plaintiff has also adequately alleged that Defendants violated the FLSA and D.C. Wage Laws, which require Defendants to pay Plaintiff a minimum wage and time-and-a-half overtime.  *Portillo*, 2022 WL 3354730, at *4.  Specifically, Plaintiff alleges that Defendants failed to pay him the minimum wage set by D.C. law and failed to pay him a higher wage when he worked for more than 40 hours a week.  Compl. ¶¶ 34–35.

Finally, in connection with the FLSA, Plaintiff has adequately alleged that he was an employee engaged in interstate commerce.  *Zaldaña*, 2022 WL 203471, at *5.  He alleges that he participated in handling and selling goods produced outside of the District of Columbia and brought into the District of Columbia through interstate commerce.  Compl. ¶¶ 14–15.  That is enough.  *See Zaldaña*, 2022 WL 203471, at *5.

The Court bears one last obligation before it can enter default judgment against Andy Lee Liquor and Kang:  an "independent" inquiry into damages.  *Bricklayers*, 2020 WL 6683061, at *2 (quotation omitted).  Plaintiff "must prove the amount sought to a reasonable certainty."  *Bozzuto*, 2021 WL 1564437, at *3 (quotation omitted).  And in assessing damages, the Court "may rely on detailed affidavits or documentary evidence in their assessment."  *Id*. (quotation omitted).

The Court finds that Plaintiff has not yet carried his burden.  Plaintiff has provided an affidavit detailing the hours he worked every week and the wage he was paid.  ECF No. 36-2 ¶¶ 34–35.  He has also provided a table calculating on a weekly basis the difference between the amount he was paid and the amount he was owed.  ECF No. 36-3; *see also* ECF No. 36 at 9–11 (explaining calculations).  But the Court has reviewed these calculations, and there appear to be errors.  For example, Plaintiff states that he worked 15 hours per week from June 29, 2020 to July 25, 2020, but appears to have calculated the damages for those weeks based on a 40-hour workweek.  ECF No. 36-3 at 3.  He also does not state the number of hours he worked during that period in his affidavit.  *See* ECF No. 36-2 at 5.  In addition, Plaintiff appears to have calculated attorney's fees and costs on the assumption he would win a default judgment against Defendant Kim.  *See* ECF No. 36-5; ECF No. 36-6.  Those numbers need to be revised to reflect the fact that the Court only anticipates that it will enter a default judgment against Andy Lee Liquor and Kang.

The Court will therefore deny Plaintiff's motion as to Andy Lee Liquor and Kang at this time.  Even so, the Court currently anticipates that it would grant a renewed motion for default judgment if Plaintiff provides updated support for his damages, costs, and attorney's fees calculations.  In the event that he does so, Plaintiff is encouraged to provide electronic copies of any tables he provides to the Court in excel format to help it determine the proper size of any award.  The Court may also determine that it is appropriate to hold a hearing on damages.

**IV.      Conclusion**

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **DENIED** and Defendant Kim's Motion to Vacate Default is **DENIED**.  An order will issue contemporaneously with this opinion.


DATE:  September 29, 2023

CARL J. NICHOLS
United States District Judge